```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MIKE BRINKMAN,

      Plaintiff,
v.                                Case No. 8:20-cv-1453-T-33AAS

EQUIFAX INFORMATION SERVICES
LLC and ACCOUNT RESOLUTION
SERVICES, LLC,

      Defendants.
_____/

**FAST-TRACK SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case, which was brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA). Therefore, consistent with the just, speedy and inexpensive administration of justice, see Fed. R. Civ. P. 1, it is:

**ORDERED** that the provisions of Rule 26 (a)(1) and Local Rule 3.05 (c)(2)(B) and (d) concerning the initial disclosures and filing of a Case Management Report are hereby waived in this case. Instead, the parties shall comply with the following schedule:

1. No later than **January 12, 2021**, the parties shall serve upon each other but not file with the Court copies of the following:

**A.    Plaintiff[1]**

All documents in Plaintiff's possession, custody, or control that relate to the consumer report, adverse employment action, and/or disputed information at issue in this action, along with all documents and/or communications, whether sent or received, between Plaintiff and Defendant regarding the alleged violation.

Upon furnishing the information to Defendant, Plaintiff shall file a Certificate of Compliance with the Court.

**B.    Defendant**

All documents in Defendant's possession, custody, or control that relate to the consumer report, adverse employment action, and/or disputed information at issue in this action, along with all documents and/or communications, whether sent or received, between Plaintiff and Defendant regarding the alleged violation.

---

[1] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant shall include the plural.

Upon furnishing the information to Plaintiff, Defendant shall file a Certificate of Compliance with the Court.

2. Until further order of this Court, all discovery in this case is **STAYED**, except as necessary to obtain and provide the information set forth in Paragraph 1.

3. On or before **January 27, 2021**, Plaintiff is directed to file an Answers to the Court's Interrogatories. Thereafter, by **February 11, 2021**, Defendant is directed to file Answers to the Court's Interrogatories. Those Interrogatories are attached to this Order.

4. This action is referred to mediation. The Court appoints **Peter J. Grilli**, located at 3001 West Azeele Street, Tampa, Florida 36609, (813) 874-1002, as mediator.

5. The mediation shall be conducted as outlined in this Order and Chapter Nine of the Local Rules.

6. Scheduling Mediation: The parties must mediate no later than **March 15, 2021**. However, **the parties are not permitted to mediate until the information exchange outlined in this Order**, including answers to interrogatories, **has been completed.**

7. Rescheduling Mediation: If the mediation date is approaching, and the parties realize they will not be able to complete the document exchange and interrogatory answers

called for herein, the parties are directed to file a motion to reschedule the mediation. In any event, **once the mediation has been scheduled, the parties may not unilaterally reschedule the mediation conference—a motion must be filed, and leave of Court obtained, if they seek to reschedule the mediation.** In the motion to reschedule, counsel must include the proposed date of rescheduling; the Court reserves the right to deny any motion that seeks to reschedule the mediation conference for a date beyond the deadline set in Paragraph 6. If the Court authorizes the parties to reschedule the mediation conference, the parties may still be required to pay the mediator's cancellation fee. Thus, the parties are strongly encouraged to promptly exchange documents and answer interrogatories, as required herein, and to diligently adhere to all deadlines to avoid unnecessary expense.

8. Cancelling Mediation: **Once the mediation conference is set, neither party may cancel the mediation without first obtaining leave of Court,** even if the parties have reached a settlement.

9. Designation and Responsibility of Lead Counsel: **Octavio Gomez, Esq.,** is designated as Lead Counsel and must consult both the mediator and other counsel to coordinate the day and time of the mediation. **By November 27, 2020,** Lead

4

Counsel must file a notice of mediation that states the agreed day and time of mediation. When the notice is filed, the agreed day for the mediation replaces the deadline in Paragraph (c). Extension of the mediation deadline requires a Court order and is increasingly disfavored as the mediation deadline approaches. Before moving for an extension of the mediation deadline, the movant must consult both the mediator and opposing counsel to determine an agreed day and time for the rescheduled mediation. Under Local Rule 3.01(g), a motion for an extension of the mediation deadline must certify that the movant has conferred with opposing counsel and must state whether counsel agrees to the resolution of the motion.

      10. General Rules Governing the Mediation: Although mediation is governed by Chapter Nine of the Local Rules, the following additional requirements apply:

> (a) Case Summary: At least five business days before the scheduled mediation, each party must email directly to the mediator and to opposing counsel a brief written summary of the facts and issues of the action. The mediator and the parties must treat each summary as a confidential communication and must not disclose the summary or the summary's content.

5

(b) Authority of the Mediator: The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion. The mediation must continue until adjourned by the mediator. No participant may compel the early conclusion of a mediation because of travel or another engagement. Only the mediator may declare an impasse or end the mediation. To coordinate the mediation, the mediator may set an abbreviated scheduling conference before the mediation.

(c) Attendance: The Court directs that all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the mediation conference with full authority to negotiate a settlement. **Absent exigent circumstances and leave of Court, lead counsel must appear at the mediation conference; failure to comply will result in the imposition of sanctions.** The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c).

   (d) For cases in which statutory attorneys' fees may be claimed, counsel should be prepared to discuss reasonable attorneys' fees and should have that information in hand at the mediation conference.

  11. Compensation of the Mediator: The parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, the parties must bear equally and pay immediately after the mediation. The parties must comply with the reasonable cancellation policy established by the Mediator, which states:

> When a case is cancelled or rescheduled with less than fourteen (14) days notice, [the Mediator] will bill all sides equally for the Minimum Charge for the time reserved unless the parties have agreed otherwise. Time of notice is computed as under Rule 6, Fed. R. Civ. P. [The Mediator does] not waive cancellation/rescheduling charges unless [the Mediator is] able to book another case in the reserved time slot. Cancellation or rescheduling should be confirmed in writing (email or fax is sufficient) to all parties. Please inform [the Mediator] immediately of any motion which may result in the re-scheduling of the mediation, or of any negotiation which might make the mediation unnecessary.

  12. Results of Mediation: Lead Counsel must file a notice informing the Court of the results of the mediation conference within twenty-four hours from the conclusion of the mediation conference.

13. Case Management Report and Additional Information: In the event mediation does not result in settlement of this action, the parties must conduct a case management meeting immediately after the mediation conference, during which the parties shall jointly prepare the attached fast-track case management report. The parties shall file the completed fast-track case management report within twenty-four hours of the conclusion of the mediation conference. In addition, the parties shall file a separate notice also within twenty-four hours of the conclusion of the mediation conference informing the Court of the legal issues they believe will need to be resolved at the summary judgment stage and/or the factual matters they believe will be at issue during trial.

14. After review of the parties' fast-track case management report, the Court will determine if a Case Management Hearing is required. If a Case Management Hearing is required, the Court will conduct such hearing approximately one week after the parties' mediation conference. The Court will enter a notice indicating the date and time of the hearing. Counsel are advised that this case will be set for trial **approximately 90-120 days after the mediation conference**. At the Case Management Hearing, this Court will address any scheduling conflicts the parties

may have.

15. Absent compelling circumstances and leave of Court, lead counsel must appear in person at the Case Management Hearing. Lead Counsel must be prepared to discuss the claims and defenses as well as any unique aspects of the case with the Court. This hearing is an investment of the Court's time and presents an opportunity for counsel to meet the judge presiding over their case, as well as present any issues that should be called to the Court's attention.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this 29th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Attachments:
Court's Interrogatories
Magistrate Judge Consent Form
CMR form for Fast Track Cases

**COURT'S INTERROGATORIES TO PLAINTIFF**

1. Are you alleging willful noncompliance with a requirement imposed by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA)?
2. If you answered yes to number 1, itemize your actual damages sustained as a result of the alleged failure to comply, or indicate your election of statutory damages.
3. If you answered yes to number 1, and only if you are seeking to impose liability on a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, itemize your actual damages sustained as a result of the alleged failure to comply, or indicate your election of statutory damages.
4. If you answered yes to number 1, and only if you are a credit reporting agency seeking to impose liability on a person who obtained a consumer report under false pretenses or knowingly without a permissible purpose, itemize your sustained actual damages.
5. Are you alleging negligent noncompliance with a requirement imposed by the FCRA?
6. If you answered yes to number 5, itemize your actual damages sustained as a result of the alleged failure to comply.
7. Specify all attorney's fees and costs incurred to date. With respect to attorney's fees, provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.
8. State the date on which you discovered the alleged violation that forms the basis of this action.
9. State the date on which the alleged violation that forms the basis of this action occurred.
10. Are you seeking or do you intend to seek class certification in this action? If so, briefly describe the putative class.
11. What section(s) of the FCRA are you alleging were violated by Defendant?
12. If you allege a violation of 15 U.S.C. § 1681(b):
    (a) Were you a job applicant or a current employee of Defendant at the time Defendant took the alleged adverse employment action?
    (b) Did you ever receive a disclosure from Defendant indicating that Defendant may procure, or cause to be

procured, a consumer report? If so, when and by what means?
(c) Did you ever authorize, in writing, Defendant to procure, or cause to be procured, a consumer report?
(d) If you were a job applicant for a position over which the Secretary of Transportation has the power to establish qualification and maximum hours of service pursuant to section 31502 of Title 49, or a position subject to safety regulation by a State transportation agency, was your only contact with the person who procured, or caused to be procured, the consumer report by mail, telephone, computer, or other similar means?
(e) When was the alleged adverse employment action taken by Defendant?
(f) What was the alleged adverse employment action?
(g) When, if at all, did you receive a copy of the consumer report that Defendant relied on, in whole or in part, to take the alleged adverse employment action?
(h) When, if at all, did you receive a description, in writing, of your rights under the FCRA, as prescribed by the Bureau of Consumer Financial Protection under § 1681g(c)(3)?
(i) Does the consumer report that was used, in whole or in part, as the basis for the adverse employment action contain medical information, as defined in 15 U.S.C. § 1681a(i)?
(j) If you answered yes to 12(i), did you provide specific written consent for the furnishing of the consumer report that described in clear and conspicuous language the use for which the information will be furnished?
13. If you allege a violation of 15 U.S.C. § 1681c, specifically identify the information you contend should not have been included within the consumer report.
14. If you allege a violation of 15 U.S.C. § 1681i:
(a) What information in the consumer report do you contend is inaccurate, incomplete, or unverifiable?
(b) Did you notify, directly or indirectly, the consumer reporting agency of your dispute? If so, when and by what means?
(c) Did you receive a notice from the Defendant consumer reporting agency that it had determined your dispute was frivolous or irrelevant? If so, when did you receive such notification and by what means?

11

(d) If you received a notice that your dispute was determined to be frivolous or irrelevant, what information did the notification contain?
(e) Was information that was deleted from a consumer report after a reinvestigation prompted by your dispute reinserted into the consumer report?
(f) If you answered yes to 14(e), when did you receive notice of the reinsertion and by what means?
(g) If you received a notice of reinsertion referenced in 14(e), what information did the notification contain?
(h) When, if at all, did you receive notice of the consumer reporting agency's completion of its reinvestigation prompted by your dispute?
(i) If you received a notice described in 14(h), what information did the notification contain and by what means were you notified?
(j) Did you request from the consumer reporting agency a description of its procedure to determine the accuracy and completeness of the information disputed by you?
(k) If you answered yes to 14(j), when, if at all, did you receive the description referenced in 14(j)?
(l) If you filed a statement of dispute with the consumer reporting agency:
   (I). When did you file your statement of dispute with the consumer reporting agency; and
   (II). What consumer reports issued subsequent to the filing of your statement of dispute referenced in 14(l)(I) do not contain your statement or an accurate summary thereof?
(m) Did you request and designate any person to receive notice that an item on your consumer report has been deleted or to receive your statement of dispute or summary thereof? If so, when?
(n) If you answered yes to 14(m), list any such person and the date on which said person received a consumer report containing the deleted information.
(o) If you are suing a reseller, as defined by 15 U.S.C. § 1681a(u):
   (I). When did you notify the reseller of your dispute;
   (II). What information did you dispute;
   (III). If you allege the reseller referred the dispute to a consumer reporting agency for reinvestigation, correction, or removal, when, if at all, did you receive notice of the completion of

the reinvestigation, by what means, and what information did the notification contain?

_____
(Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, and ____ who is personally known to me or ____ who produced _____ as identification, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 20___.

NOTARY PUBLIC

_____
Signature of Person Taking Acknowledgment

Notary Stamp              Print Name:
                          Title: Notary Public
                          Serial No. (if any):
                          Commission Expires:

**COURT'S INTERROGATORIES TO DEFENDANT**

1. If Plaintiff is alleging a violation of 15 U.S.C. § 1681b:
   (a) Did you, or the person who obtained the consumer report on your behalf, make the certifications required under 15 U.S.C. § 1681b(b)(1)?
   (b) Did you ever provide a disclosure to Plaintiff indicating that you may procure, or cause to be procured, a consumer report? If so, when and by what means?
   (c) Did Plaintiff ever authorize, in writing, you to procure, or cause to be procured a consumer report? If so, when did you receive such authorization?
   (d) If Plaintiff was a job applicant for a position over which the Secretary of Transportation has the power to establish qualification and maximum hours of service pursuant to section 31502 of Title 49, or a position subject to safety regulation by a State transportation agency, was your only contact with Plaintiff by mail, telephone, computer, or other similar means?
   (e) When did you take the adverse employment action against Plaintiff?
   (f) When did you provide Plaintiff with a copy of the consumer report used, in whole or in part, as the basis of the adverse employment action?
   (g) When and how did you provide Plaintiff a written description of his or her rights under the FCRA, as prescribed by the Bureau under § 1681g(c)(3)?
2. If Plaintiff alleges a violation of 15 U.S.C. § 1681i:
   (a) When, if at all, did Plaintiff notify you, directly or indirectly, that Plaintiff disputed the accuracy, completeness, or the ability to verify information contained in a consumer report?
   (b) If Plaintiff disputed some information in the consumer report, what information did Plaintiff dispute?
   (c) If you determined that Plaintiff's dispute was frivolous or irrelevant, did you notify Plaintiff as such? If so, when and how?
   (d) If you sent a notice to Plaintiff informing Plaintiff his or her dispute was determined to be frivolous or irrelevant, what information did the notification contain?
   (e) Was information ever deleted from a consumer report issued by you that pertained to Plaintiff because of a dispute made by Plaintiff?

14

(f)  If you answered yes to 2(e), was the information referred to in 2(e) ever reinserted into the consumer report pertaining to Plaintiff?
(g)  If you answered yes to 2(f), when and by what means did you send Plaintiff notification of the reinsertion referenced in 2(f)?
(h)  If you sent Plaintiff a notification referenced in 2(g), what information did the notification contain?
(i)  Did Plaintiff ever request a description of the procedure you used to determine the accuracy or completeness of information disputed by Plaintiff?
(j)  If you answered yes to 2(i), when, if at all, and how did you send Plaintiff a description of the procedure referred to in 2(i)?
(k)  Did Plaintiff ever file a statement of dispute with you? If so, when and how?
(l)  If Plaintiff ever filed a statement of dispute with you, did any subsequently issued consumer report not contain the statement of dispute or an accurate summary thereof?
(m)  Did Plaintiff ever request and designate any person to receive notice that an item on a consumer report pertaining to Plaintiff had been deleted or to receive Plaintiff's statement of dispute or summary thereof?
(n)  If you answered yes to 2(m), when did Plaintiff make such request?
(o)  If you answered yes to 2(m), list any such person and the date on which said person received a consumer report containing the deleted information.
(p)  If you are a reseller, as defined by 15 U.S.C. § 1681a(u):
   (I). When did you receive notification of Plaintiff's dispute;
   (II). What information did Plaintiff dispute;
   (III). If you referred the dispute to a consumer reporting agency for reinvestigation, correction, or removal, when, if at all, did you forward the consumer reporting agency's notice of completion as to the reinvestigation, by what means, and what information did the notification contain?
3.  Regardless of which section of the FCRA Plaintiff alleges you violated, do you claim any exemption or exception that may be available under the FCRA in this action? If so, specifically identify the exemption or exception and state the factual basis for claiming such exemption or exception.

```
                     _____
                            (Defendant's Signature)
```

STATE OF FLORIDA
COUNTY OF _____

     BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, and ____ who is personally known to me or ____ who produced _____ as identification, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

     SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20___.


                                                   NOTARY PUBLIC

                      _____
                  Signature of Person Taking Acknowledgment

Notary Stamp               Print Name:
                            Title: Notary Public
                            Serial No. (if any):
                            Commission Expires:

AO 85 (Rev. locally 5/99) Notice, Consent, and Order of Reference B Exercise of Jurisdiction by a United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### Middle District of Florida

_____,

Plaintiff(s)

**v.**                                                                                                          **Case Number**: _____

_____,

Defendant(s)

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a United States Magistrate Judge of this District Court is available to conduct any or all proceedings in this case, including a jury or bench trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent, **as evidenced by execution of the Consent portion hereof, all together on this form**, to the exercise of jurisdiction by a United States Magistrate Judge.

You may, without adverse substantive consequences, withhold your consent; but this will prevent the Court's jurisdiction from being exercised by a Magistrate Judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.

Appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit, in the same manner as an appeal from any other judgment of this District Court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial; order the entry of a final judgment; and conduct all post-judgment proceedings, as necessary.

| Signatures | Parties Represented | Date Signed |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

**IT IS HEREBY ORDERED that this case be referred to Honorable, _____, United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the foregoing consent of the parties.**

_____                    _____
**Date**                                                **VIRGINIA M. HERNANDEZ COVINGTON, United States District Judge**

**NOTE: RETURN THIS FORM TO CLERK OF COURT ONLY IF ALL PARTIES HAVE SIGNED <u>ON THIS FORM</u> CONSENTING TO EXERCISE OF JURISDICTION BY A MAGISTRATE JUDGE.**

**United States District Court**
**Middle District of Florida**
**Tampa Division**

_____,
Plaintiff(s),

v.                                                                    Case No. _____

_____,
Defendant(s).
_____/

**CASE MANAGEMENT REPORT**

**TO BE USED FOR THE FOLLOWING CASES:**
**FAIR LABOR STANDARDS ACT (FLSA);**
**TITLE III AMERICANS WITH DISABILITIES ACT (ADA);**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA);**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA);**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA);**
**REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA); AND**
**FAIR CREDIT REPORTING ACT (FCRA).**

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement** | |
| **Mandatory Initial Disclosures** | |
| **Discovery Deadline** | |
| **Dispositive Motions** | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | |
| **Joint Final Pretrial Statement** [Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, & Exhibit Lists with Objections on Approved Form (to be e-mailed in Word format to chambers_flmd_covington@flmd.uscourts.gov)] | |
| **Final Pretrial Conference** [The Court will set a date] | |
| **Trial Term Begins** [Trial term must be 5 weeks after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] **[90-120 days after mediation conference]** | |
| **Estimated Length of Trial** [Number of trial days] | |
| **Jury / Non-Jury** | |