UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKE BRINKMAN,

    Plaintiff,

v.                                    **Case No.: 8:20-cv-02453-VMC-AAS**

EQUIFAX INFORMATION
SERVICES, LLC and ACCOUNT
RESOLUTION SERVICES, LLC.

    Defendants.
_____/

**DEFENDANT, ACCOUNT RESOLUTION SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, ACCOUNT RESOLUTION SERVICES, LLC[1] ("ARS"), and files its Answer and Affirmative Defenses to the Complaint in the above-entitled matter, denies each and every allegation in the Complaint [DE 1], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**PRELIMINARY STATEMENT**

1.    Admitted for purposes of claims identification, jurisdiction, and venue only; otherwise denied.

---

[1] The correct name of the corporation is Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services. For purposes of identification and common reference, Defendant will be identified as "ARS" or "Defendant ARS" throughout the Answer and Affirmative Defenses.

1

2. Admitted for purposes of claims identification, jurisdiction, and venue only; otherwise denied.

3. Admitted for purposes of claims identification, jurisdiction, and venue only; otherwise denied.

4. Admitted for purposes of claims identification, jurisdiction, and venue only; otherwise denied.

5. Admitted for purposes of claims identification, jurisdiction, and venue only; otherwise denied.

## **JURISDICTION AND VENUE**

6. Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

7. Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

8. Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

9. Admitted for purposes of venue and claims identification only; otherwise denied.

10. Admitted for purposes of venue and claims identification only; otherwise denied.

11. Admitted to the extent that Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services has a principal place of business located in Sunrise, Florida;

Defendant ARS admits this paragraph for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

## FACTUAL ALLEGATIONS

12. Denied to the extent Plaintiff does not owe a debt to Defendant ARS. Admitted to the extent that Defendant ARS was retained to seek repayment of a past due medical debt obligation from the Plaintiff. Otherwise, denied.

13. Unknown at this time; therefore denied.

14. Unknown at this time; therefore denied.

15. Unknown at this time; therefore denied.

16. Unknown at this time; therefore denied.

17. Unknown at this time; therefore denied.

18. Unknown at this time; therefore denied.

19. Unknown at this time; therefore denied.

20. Denied. Defendant ARS demands strict proof thereof.

21. Unknown at this time; therefore denied.

22. Denied. Defendant ARS demands strict proof thereof.

23. Unknown at this time; therefore denied.

24. Unknown at this time; therefore denied.

25. Unknown at this time; therefore denied.

26. Unknown at this time; therefore denied.

## Count I

### ARS: Fair Credit Reporting Act

27. ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

28. Admitted to the extent that ARS is considered a "data furnisher" as that term is defined under the FCRA and reports to credit reporting agencies, on behalf of its creditor clients, the past due debt obligation status as represented by those entities, otherwise denied.

29. Denied; Defendant demands strict proof thereof.

30. Denied; Defendant demands strict proof thereof.

31. Denied; Defendant demands strict proof thereof.

32. Denied; Defendant demands strict proof thereof.

33. Denied; Defendant demands strict proof thereof.

34. Denied; Defendant demands strict proof thereof.

## Count II

### Equifax: Fair Credit Reporting Act

35. ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

36. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

37. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

38. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

39. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

## Count III

### Equifax: Fair Credit Reporting Act

40. ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

41. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

42. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

43. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

44. The factual statements alleged in this paragraph are directed at a Defendant other than Defendant ARS and therefore no response is necessary. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies allegations to the extent that the allegation is asserted directly or indirectly against Defendant ARS.

## **Jury Demand**

45. Defendant hereby demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ARS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against ARS.

### FOURTH AFFIRMATIVE DEFENSE

While ARS denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then ARS alleges such damage was not caused by ARS but was proximately caused or contributed to by the conduct of others for whom ARS is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because ARS at all times acted in a reasonable manner and in good faith.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has been damaged, which ARS specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from ARS.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

ARS conducted a reasonable re-investigation to determine the accuracy of the information furnished to the credit reporting agencies relying on the information from the original creditor and such actions were reasonable and were neither negligent nor willful.

**NINTH AFFIRMATIVE DEFENSE**

ARS conducted a reasonable re-investigation to determine the accuracy of the information furnished to the credit reporting agencies relying on the information from the original creditor and such actions were determined to be accurate and reasonable.

**WHEREFORE,** Defendant, ACCOUNT RESOLUTION SERVICES prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against ARS with prejudice and on the merits; and
2. Award ARS such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **25th** day of **November, 2020.**

                                        Respectfully submitted,

                                        /s/ *Ernest H. Kohlmyer, III*
                                        Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **November 25, 2020**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the attorneys of record: Octavio "Tav" Gomez, Esquire of Morgan & Morgan, P.A. at TGomez@ForThePeople.com and DGagliano@ForThePeople.com. *(Attorneys for Plaintiff).*

                                        */s/ Ernest H. Kohlmyer, III*
                                        Ernest H. Kohlmyer, III
                                        Florida Bar No.: 0110108
                                        SKohlmyer@shepardfirm.com
                                        Shepard, Smith, Kohlmyer & Hand, P.A.
                                        2300 Maitland Center Parkway, Suite 100
                                        Maitland, Florida 32751
                                        Phone: (407) 622-1772
                                        Fax: (407) 622-1884
                                        *Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*