IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKE BRINKMAN,

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC and
ACCOUNT RESOLUTION SERVICES, LLC,

      Defendants.

Case No. 8:20-cv-02453-VMC-AAS

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by and through its undersigned attorneys, hereby responds to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**COMPLAINT ¶1:**

This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**ANSWER:**

Equifax admits that Plaintiff purports to bring a claim against Equifax pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* but denies that it violated the

FCRA, denies that Plaintiff was damages by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

**COMPLAINT ¶2:**

Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.

**COMPLAINT ¶3:**

Consumer reporting agencies that create consumer reports, like Equifax, Experian and TransUnion are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like ARS, particularly where a consumer makes a dispute about information reported.

**ANSWER:**

Equifax admits that the FCRA imposes certain requirements on consumer reporting agencies but denies the allegations of Paragraph 3 to the extent it misstates, misquotes, mischaracterizes, or takes out of context the language of the FCRA, and further denies any violation of the law by Equifax.

**COMPLAINT ¶4:**

When a consumer like our Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here ARS. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

**ANSWER:**

Equifax admits that the FCRA imposes certain requirements on consumer reporting agencies but denies the allegations of Paragraph 4 to the extent it misstates, misquotes,

mischaracterizes, or takes out of context the language of the FCRA, and further denies any violation of the law by Equifax.

**COMPLAINT ¶5:**

The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Bureau, Supervisory Highlights Reporting Special Edition 21 (Issue 14, March 2, 2017).

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 5.

**COMPLAINT ¶6:**

The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §1331.

**ANSWER:**

Equifax admits that this Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p but denies the remaining allegations set forth in Paragraph 6.

**COMPLAINT ¶7:**

The Plaintiff is a natural person and resident of Hillsborough County, in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax admits that Plaintiff is a natural person and admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7.

**COMPLAINT ¶8:**

Equifax, is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

3

**ANSWER:**

Equifax admits that it is a limited liability company based in Georgia, registered to do business in the State of Florida. Equifax denies the remaining allegations set forth in Paragraph 8.

**COMPLAINT ¶9:**

Equifax is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations set forth in this Paragraph to the extent they misstate, misquote, mischaracterize, or take out of context the language of the FCRA, and further denies any violation of the law by Equifax.

**COMPLAINT ¶10:**

Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**

Equifax admits that it has, at certain times, disbursed consumer reports for monetary compensation.

**COMPLAINT ¶11:**

ARS has their principal place of business located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

**COMPLAINT ¶12:**

Plaintiff is a natural person who is alleged to owe, a debt to ARS.

**ANSWER:**

Equifax admits that Plaintiff is a natural person. Equifax is without knowledge or information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 12.

**COMPLAINT ¶13:**

Approximately two (2) years ago, the Plaintiff received a debt collection letter from ARS about a medical bill that was not paid for. Plaintiff did not owe this debt.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

**COMPLAINT ¶14:**

Upon notification of this incorrect overdue bill listed on his credit report, Plaintiff immediately called the Tampa General Hospital and notified them that he has paid his medical bill in full. Plaintiff also called to dispute with AdventHealth, his medical insurance company, that he has paid his bill in full and did not owe any money.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

**COMPLAINT ¶15:**

Upon confirmation with AdventHealth that he did not have an outstanding bill, the Plaintiff discarded the letter and believed the error had been fixed.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

**COMPLAINT ¶16:**

In or about February of 2020, Plaintiff found a house he wanted to purchased and applied for an FHA loan with Guaranteed Rate, Inc. The potential lender reached out to Plaintiff and notified him of a collection on his credit that was negatively affecting him, and that due to his current credit score, and reported delinquency, he would have a higher interest rate.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

**COMPLAINT ¶17:**

In or about February of 2020, Plaintiff, contact ARS regarding the incorrect collection and again disputed the accuracy. He was informed that it can take up to 30 days for the report to be reviewed. ARS became aware of Plaintiff's dispute through that phone call. ARS should have known at that time that Plaintiff had a $0.00 balance.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

**COMPLAINT ¶18:**

In or about February of 2020, Plaintiff filed a dispute online to Equifax, Experian and TransUnion concerning the erroneous reporting of the ARS account. Plaintiff provided, within the online dispute, all the necessary information for Experian, Equifax, TransUnion and ARS to easily determine that the account had a $0.00 balance and should not be in collections.

**ANSWER:**

Equifax admits that it received an online dispute from Plaintiff in or around February 2020. Equifax states that the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, Equifax denies the allegations.

**COMPLAINT ¶19:**

In the aforementioned online dispute, Plaintiff explained in detail why the ARS account was paid off and requested an investigation by the CRAs and ARS. No one from ARS, Equifax, Experian or Trans Union attempted to contact Plaintiff when investigating the online dispute.

**ANSWER:**

Equifax states that the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, Equifax denies the allegations. Equifax denies the remaining allegations set forth in Paragraph 19.

**COMPLAINT ¶20:**

The ARS collections account was the result of negligent or willful mishandling by ARS, and failure by Equifax to independently investigate all the facts which the Plaintiff explained in the dispute.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 20.

**COMPLAINT ¶21:**

Despite Equifax being provided all the relevant information, on or about February 19, 2020, Equifax responded to Plaintiff's dispute and indicated that the ARS account was updated reflecting an unpaid balance of $2,811. Equifax kept the erroneous collection's account on the Plaintiff's credit report despite being notified by Plaintiff that he did not owe any money.

**ANSWER:**

Equifax admits that it sent Plaintiff the results of its reinvestigation on or around February 19, 2020. Equifax states that the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, Equifax denies the allegations, and further denies any violation of the law by Equifax.

**COMPLAINT ¶22:**

ARS knew or should have known throughout the life of the overdue bill that Plaintiff had paid off the account and had no balance, yet continued to report to Equifax.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff disputed again with Equifax and, on or about April 22, 2020, Plaintiff received another dispute results letter from Equifax (Confirmation number 06137274188) stating the ARS account was still listed on the Plaintiff's credit report.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

**COMPLAINT ¶24:**

Plaintiff closed on the property he wanted on April 1, 2020. Plaintiff was forced to accept the loan offer for 3.9% interest rate instead of the 3.375% he would have achieved had Equifax and ARS conducted a proper investigation.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 24. Equifax denies the remaining allegations set forth in this Paragraph and further denies any violation of the law by Equifax.

**COMPLAINT ¶25:**

Plaintiff continued to be in communications with ARS and with the medical providers regarding the erroneous account.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

**COMPLAINT ¶26:**

On June 2, 2020, ARS confirmed that they had made a mistake and responded to Plaintiff's dispute, stating, "a request to Experian, Equifax, and TransUnion to delete any and all information reported by ARS Account Resolution Service"

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

**COMPLAINT ¶27:**

As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit;

    ii.    Loss of time attempting to cure the error;

    iii.    Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life. Plaintiff was desperate to resolve the errors and was forced to close on his home loan after notifying both Defendants of the mistake they were making.

    iv.    Denied the opportunity to purchase his home with a much lower APR, creating an increase on his mortgage payments. Plaintiff was notified that to modify his current home loan now that the error was corrected, it would cost approximately $6,000+ in closing fees.

    v.    Plaintiff's credit score dropped over 120 points because of the erroneous reporting by the Defendants.

    vi.    All conditions precedent to the filing of this action have occurred.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 27.

## COUNT I
### (Violation of the FCRA - As to Defendant Account Resolution Services, LLC)

**COMPLAINT ¶28:**[sic]

Plaintiff re-alleges and fully incorporates paragraphs one (1) through twenty six (26) above as is fully stated herein.

**ANSWER:**

Equifax restates and incorporates its answers to Paragraphs 1 through 27 as its answer to Paragraph 28.

**COMPLAINT ¶29:**

ARS published the ARS representations to Experian and TransUnion and through Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

67057244v.1

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

**COMPLAINT ¶30:**

ARS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiffs dispute of ARS' representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ARS representations to the consumer reporting agencies. Plaintiff provided all the information necessary for ARS to have identified that Plaintiff did not owe money from his hospital stay. Since 2017, ARS was aware that this was a paid in full account, yet continued to report a collection to Equifax. ARS communicated directly with Plaintiff and Plaintiff explained he had communicated with the service provider and he did not owe any money.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

**COMPLAINT ¶31:**

ARS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax after ARS had been notified that the information was inaccurate. ARS has been aware of Plaintiff's dispute for several years but continued to erroneously report.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

**COMPLAINT ¶32:**

ARS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax that ARS knew was inaccurate.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

**COMPLAINT ¶33:**

ARS did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the ARS representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. ARS knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if ARS would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 33.

**COMPLAINT ¶34:**

As a result of this conduct, action and inaction of ARS, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress associated with being sued in court for this fraudulent debt; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff, when he needed it most, was denied an APR for his mortgage payment that was a true representation of his credit report.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 34.

**COMPLAINT ¶35:**

ARS' conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 35.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ACCOUNT RESOLUTION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

In response to this Paragraph, Equifax denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

**COUNT II**
**(Violation of the FCRA - As to Defendant Equifax)**

**COMPLAINT ¶36:**

The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty six (26) as if fully set out herein.

**ANSWER:**

Equifax restates and incorporates its answers to Paragraphs 1 through 35 as its answer to Paragraph 36.

**COMPLAINT ¶37:**

Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing that the he did not owe money to the collection agency, Equifax refused to do any independent investigation.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 37.

**COMPLAINT ¶38:**

As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 38.

**COMPLAINT ¶39:**

Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting.

Equifax failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff. Equifax was aware that Plaintiff was attempting to secure a home loan. Equifax did not do any single independent investigation but merely believed ARS and not Plaintiff.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 39.

**COMPLAINT ¶40:**

The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 40.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

In response to this Paragraph, Equifax denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

**COUNT III**
**(Violation of the FCRA - Equifax)**

**COMPLAINT ¶41:**

Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) above as if fully set out herein.

**ANSWER:**

Equifax restates and incorporates its answers to Paragraphs 1 through 40 as its answer to Paragraph 41.

**COMPLAINT ¶42:**

Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful

reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know can be unreliable. Plaintiff provided all the necessary information for Equifax to conduct a reasonable investigation but Equifax failed to do so. Equifax was aware that Plaintiff was securing a home loan and failed to do any independent investigation.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 42.

**COMPLAINT ¶43:**

As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damages by stress associated with fear of denial, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of having a higher interest rate when applying for his mortgage. Plaintiff was under great stress from February through April attempting to resolve the mistake being reported by Equifax.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 43.

**COMPLAINT ¶44:**

Equifax's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under to 15 USC § 1681o.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 44.

**COMPLAINT ¶45:**

The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or to 15 USC § 1681o.

**ANSWER:**

Equifax denies the allegations set forth in Paragraph 45.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; for his attorneys fees and costs; for pre judgment and post judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**ANSWER:**

In response to this Paragraph, Equifax denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

## JURY DEMAND

**ANSWER:**

In response to Plaintiff's demand for a jury trial (set forth in the caption of Plaintiff's Complaint), Equifax admits that Plaintiff demands a trial by jury but objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Florida, and the conduct giving rise to Plaintiff's claim occurred outside of Florida and was not targeted at Florida.

## SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax.

## THIRD DEFENSE

To the extent Plaintiff failed to mitigate his alleged damages, her recovery, if any, must be reduced accordingly.

## FOURTH DEFENSE

Facially and as applied, the FCRA violates the First Amendment to the U.S. Constitution by imposing unconstitutional content-, viewpoint-, and speaker-based restrictions on speech. The FCRA is also unconstitutionally vague and overbroad because it fails to define "consumer report" and other key terms sufficiently to allow persons to understand what speech the law prohibits, and the law prohibits much speech that the First Amendment to the U.S. Constitution protects. In addition, Equifax's accurate reporting of information is protected by the First Amendment to the U.S. Constitution, which prohibits content-, viewpoint-, and speaker-based regulations of speech except in narrowly tailored circumstances not present in this action.

DATED:  December 4, 2020

Respectfully submitted,

EQUIFAX INFORMATION SERVICES LLC

By: */s/ Tonya M. Esposito*
Tonya M. Esposito (FL Bar No. 0118369)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington D.C.  20004
Telephone:  (202) 828-5356
Facsimile:  (202) 641-9228
tesposito@seyfarth.com

*Attorney for Defendant*
*Equifax Information Services LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MIKE BRINKMAN, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC and ACCOUNT RESOLUTION SERVICES, LLC, <br><br> Defendants. | Case No. 8:20-cv-02453-VMC-AAS |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT via ECF, which will send notification of such filing to all counsel of record.

Dated:  December 4, 2020.

*/s/ Tonya Esposito*
Tonya Esposito

67057244v.1