UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKE BRINKMAN,                                    CASE NO.:  8:20-cv-02453

   Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC
and ACCOUNT RESOLUTION
SERVICES, LLC,

   Defendants.
_____/

**<u>NOTICE OF LEGAL ISSUES AND FACTUAL MATTERS</u>**

On March 11 2021, Plaintiff, Mike Brinkman and Defendant, Account Resolution Services, LLC[1] ("ARS"), through and with their undersigned counsel, mediated with Honorable Judge Gregory Holder.

The parties were unable to resolve the matter and an impasse was reached. As such, pursuant to the Court's Scheduling Order [Doc. 8], the parties file their Notice of legal issues they believe will need to be resolved at the summary judgment stage and/or the factual matters they believe will be at issue during trial.

---

[1] The correct legal name is Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services

**Plaintiff's legal issues in this matter are as follows:**

1. Whether ARS failed to follow FCRA provision §1681S-2(b) by not establishing or following reasonable procedures to assure maximum possible accuracy in reporting to the Credit Reporting Agencies.

2. Whether ARS' conduct, action, and inaction are willful, rendering ARS liable for actual and/or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if ARS was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

Plaintiff believes the Court will be able to resolve the violation by ARS of §1681S-2(b) at the summary judgment stage. Plaintiff intends to have a jury determine the amount of actual, compensatory, and punitive damages based on ARS' violations of the FCRA.

**Defendant's legal issues in this matter are as follows:**

ARS believes that the legal issues are as follows:

1. Whether ARS' alleged actions or inactions were negligent in conducting a reasonable investigation to determine the accuracy of information provided to the credit reporting agency?

2. Whether ARS's alleged actions or inactions were willful and intentional in failing to conduct a reasonable re-investigation of the information reported to the credit reporting agencies?

3. Whether ARS is not liable under the FCRA based on the assertion of each of the affirmative defenses raised in its responsive pleading?

4. Whether any claims damages were proximately related to the actions or inactions of ARS?

5. Whether Plaintiff failed to mitigate any alleged damages claimed to be caused by the alleged actions or inactions of ARS?

ARS asserts that the determination of negligent and/or willful conduct is a question of fact for evaluation by a jury and is not subject to determination by the court by dispositive motion as there are clearly disputed issues of material fact in this case.

Dated this 12th day of March, 2021.

Respectfully submitted,

***/s/ Octavio "Tav" Gomez***____
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (812) 225-6745
Facsimile: (813) 983-2889
TGomez@ForThePeople.com
DGagliano@ForThePeople.com
*Attorney for Plaintiff*


***/s/ Ernest H. Kohlmyer, III***
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Healthcare*
*Revenue Recovery Group, LLC d/b/a*
*Account Resolution Services*